NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**KALPESH MAKWANA and**             :
**HUGH MITCHELL,**                  :
                                    :
    *Plaintiffs,*              :   Civil Action No. 14-7096
                                    :
v.                                  :   OPINION
                                    :
**EXPRESS SCRIPTS, INC.,**          :   July 6, 2015
                                    :
                                    :
    *Defendant.*              :
_____ :

**ARLEO**, UNITED STATES DISTRICT JUDGE.

    Before this Court is Kalpesh Makwana and Hugh Mitchell's (collectively, "Plaintiffs") objection to the report and recommendation (the "R&R") of the Honorable Michael A. Hammer, U.S.M.J. [Dkt. Nos. 11, 12], in which Judge Hammer recommends that Plaintiffs' motion to remand [Dkt. No. 4] be denied. Defendant Express Scripts, Inc. opposes the objection. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. Upon consideration of the parties' submissions in connection with Plaintiffs' objection, and for the reasons set forth herein, the Court adopts Judge Hammer's report and recommendation. Plaintiffs' motion to remand is accordingly **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are former employees of Defendant who were terminated allegedly for violation of Defendant's company policies on or about May 23, 2013. See Dkt. No. 1, Notice of Removal Ex. B ¶¶ 1-16. Plaintiff Kalpesh Makwana thereafter instituted the instant suit in Bergen County Superior Court on August 29, 2013. See Notice of Removal Ex. A. The original complaint was then amended on October 16, 2013, to add Plaintiff Hugh Mitchell as a party and assert a number of additional claims. See Notice of Removal Ex. B.

Among the claims asserted in the amended complaint (the "AC") are claims for breach of an implied contract and breach of the implied covenant of good faith and fair dealing (Counts Two and Three). Id. ¶¶ 21-30. As to the breach of contract claim, Plaintiffs allege that Defendant's "guidelines and policies" governing its employees' conduct constituted a contract with employees, which Defendant allegedly breached by terminating Plaintiffs for following those guidelines and policies. Id. ¶¶ 22-23. The claim for breach of the covenant of good faith and fair dealing is based, in pertinent part, on the claim that Defendant "fabricat[ed] false pretenses to terminate Plaintiffs in order to deprive them of a significant severance package." Id. ¶ 29 (emphasis added). This paragraph represents the only mention of a "severance package" in the AC.

During the course of discovery, Plaintiffs did not specifically identify the "guidelines and policies" upon which their breach of contract claim was based. See Notice of Removal Ex. G ¶ 9. During Mr. Makwana's October 13, 2014, deposition, however, Mr. Makwana revealed that the implied contract to which the AC referred was actually Defendant's severance plan (the "Severance Plan"). Notice of Removal Ex. K at 152-53. The Severance Plan, in turn, is a general plan for all of Defendant's employees that purports to be governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), a federal statute. See Notice of Removal Ex. L.

2

Following this revelation, Defendant removed the case to this Court on November 12, 2014, claiming that Plaintiffs' breach of contract claims were based on the ERISA-governed Severance Plan and the case therefore presented a federal question.  Notice of Removal ¶¶ 22-24.  Defendant further represented in the notice of removal that it did not remove the case earlier because the face of the pleading referred only to an "implied contract" arising out of Defendant's "guidelines and policies," see id. ¶ 6, and Defendant only became aware on the date of Mr. Makwana's deposition that Plaintiffs' breach of contract claims were actually based on the Severance Plan.  Id. ¶ 15.  Defendant stated that the case was therefore timely removed under 28 U.S.C. § 1446(b)(3), which permits removal within thirty days of the defendant's receipt "of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has become removable."  See id. ¶¶ 16-19.  Plaintiff claimed that Mr. Makwana's deposition testimony represented the requisite "other paper" for invocation of § 1446(b)(3).  Id. ¶ 17 (citing Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 465-66 (D.N.J. 2013)).

Plaintiffs moved to remand the case on December 8, 2014.  Dkt. No. 4, Mot. to Remand.  Plaintiffs argued that Defendant's removal was untimely and, even if it were not, the Severance Plan was not governed by ERISA.  Judge Hammer disagreed.  Judge Hammer specifically found that Counts Two and Three were not sufficiently specific so as to place Defendant on notice of the presence of federal jurisdiction.  As to Count Two, Judge Hammer noted that the allegations referred to an implied contract, whereas the Severance Plan constituted an express contract.  Judge Hammer thus held that it would have been "unreasonable to assume that Count Two relied on the Severance Plan."  Dkt. No. 11, R&R at 13.  Judge Hammer applied similar reasoning to Count

3

Three and found that the allegations merely suggested breach of an employment contract, which resulted in, among other things, the loss of severance benefits. Id. at 14.

Judge Hammer also determined that ERISA governed the Severance Plan because it "affords the Plan Administrator considerable discretion" and provides for standard processes and procedures with respect to the award of a severance package. Id. at 17-18. Judge Hammer therefore concluded that ERISA completely preempted Counts Two and Three of the AC. Id. at 18. Finally, Judge Hammer recommended that the Court exercise supplemental jurisdiction over the remaining state law claims. Id. at 18-19.

Plaintiffs then timely objected to the R&R. See Dkt. No. 12.[1] Plaintiffs object to Judge Hammer's finding that removal was timely and further argue that even if removal were timely, this Court lacks subject matter jurisdiction because Counts Two and Three do not allege a breach of the Severance Plan. Plaintiffs do not challenge Judge Hammer's findings that: (1) ERISA governs the Severance Plan; (2) the exercise of supplemental jurisdiction is proper; and (3) Plaintiffs are not entitled to attorney fees in connection with the motion to remand.

**II.   DISCUSSION**

    **A. Standard of Review**

In considering an objection to a magistrate judge's report and recommendation, this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); L. Civ. R.

---

[1] Plaintiffs incorrectly style their objection as a motion for reconsideration. A motion for reconsideration directed towards a magistrate judge's report and recommendation is procedurally improper, since there is no order for the magistrate judge to reconsider. Nonetheless, the Court treats Plaintiffs "motion" as an objection to Judge Hammer's R&R.

72.1(c)(2).  The Court is thus empowered to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  L. Civ. R. 72.1(c)(2).

A case removed from state court to federal court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  The defendant seeking removal bears the burden of demonstrating "the existence and continuance of federal jurisdiction." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  Furthermore, removal statutes "should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

### B. Analysis

#### 1. Timeliness of Removal

The removal of civil actions is governed by 28 U.S.C. §§ 1441 and 1446.  28 U.S.C. § 1441(c) permits removal of any action that includes a question of federal law as defined at 28 U.S.C. § 1331.  28 U.S.C. § 1446, in turn, provides the procedure by which removal must be accomplished.  A defendant generally must remove a case "within 30 days after the receipt … of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).  The "initial pleading" has been interpreted to mean the complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999).  The complaint demonstrates removability on the basis of federal question jurisdiction where it "informs the reader, to a substantial degree of specificity," that "all the elements of federal jurisdiction are present." Foster v. Mut. Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993) (internal quotations and citations omitted), recognized as overruled on other grounds by Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005).  Where the case does not appear to be removable based on the original complaint, however, the defendant may remove the case within

5

30 days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The phrase "other paper" has been broadly interpreted to include "a wide array of documents, including letter communications between counsel, <u>deposition testimony</u>, stipulations between the parties, answers to interrogatories, and transcripts." <u>Costa v. Verizon N.J., Inc.</u>, 936 F. Supp. 2d 455, 465-66 (D.N.J. 2013) (emphasis added).

Under this standard, the Court is satisfied that Defendant's removal was timely. Counts Two and Three of the AC are devoid of the kind of specificity that would put a reader on notice of the presence of federal jurisdiction. Count Two speaks of the breach of an implied contract and Count Three refers only to the loss of a "severance package" as one of the consequences of Plaintiffs' termination. Nowhere is the Severance Plan itself specifically mentioned in the AC. Instead, the allegations in the AC vaguely allude to a contract arising out of "guidelines and policies to be followed by [Defendant's] employees," Notice of Removal Ex. B ¶ 21, such as an "all hands on deck" strategy for "command center critical issues." <u>Id.</u> ¶ 7. These allegations provide no indication of the precise terms of the "implied contract," let alone an indication that Plaintiffs were alleging a breach of the Severance Plan. Defendant was therefore left merely to guess as to the contract on which Plaintiffs were basing their contract-related claims. Such vague allegations surely were insufficient to place Defendant on notice of the existence of an ERISA claim. <u>Cf.</u> <u>McLaughlin v. Dow Jones & Co.</u>, No. 14-3430, 2015 WL 404913, at *3-6 (D.N.J. Jan. 29, 2015) (removal timely where original complaint vaguely alleged denial of access to employee grievance procedure contained in an ERISA-governed plan, and defendant removed only after the plaintiff alleged violation of ERISA in a reply brief in support of an order to show cause); <u>see also</u>

Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004) (mere possibility of ERISA preemption is an insufficient basis for removal).[2]

The Court is therefore satisfied that the AC's reliance on the Severance Plan only became apparent at Mr. Makwana's October 13, 2014, deposition, when he specifically and unequivocally stated that the contract to which the AC referred in Count Three was the Severance Plan. See Notice of Removal Ex. K at 152-53. Because Mr. Makwana's deposition testimony constitutes the requisite "other paper" under 28 U.S.C. § 1446(b)(3), removal was timely as this case was removed within thirty days of the deposition. The Court accordingly adopts Judge Hammer's findings with regard to the timeliness of Defendant's removal.

**2. Subject Matter Jurisdiction**

Plaintiffs further argue that this Court lacks subject matter jurisdiction because its contract-related claims are merely wrongful termination claims that are not dependent upon proof of a breach of the Severance Plan. Thus, the argument goes, ERISA is inapplicable and this case presents no federal question. This Court disagrees.

The well-pleaded complaint rule generally designates the plaintiff as the "master of the complaint" such that the plaintiff can choose whether to assert a federal cause of action in the complaint. See Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 677-78 (3d Cir. 2000). An

---

[2] Finally, Plaintiffs' reliance on Costa is misplaced. There, the plaintiff sought leave to file a first amended complaint, which contained no reference to a collective bargaining agreement that provided a basis for removal under the Labor Management Relations Act. Costa, 936 F. Supp. 2d at 465. Nonetheless, defendant explicitly mentioned the existence of the CBA in opposition to plaintiff's request for leave to file the amended complaint. Id. The court held that the defendant's opposition brief constituted the requisite "other paper" demonstrating that defendant was on notice of the presence of a federal question at the time the first amended complaint was filed. Id. at 466. Verizon's attempt to remove the case four months after that filing was therefore untimely. Id. at 466-67. Costa is clearly distinguishable from the case at bar, since there is no such "other paper"—outside of Mr. Makwana's deposition testimony—that would have alerted Defendant to the presence of a federal question under ERISA.

exception to this rule, however, is the doctrine of complete preemption, which provides that certain state causes of action will be deemed to arise under federal law because a federal statute's preemptive force "is so powerful as to displace entirely any state cause of action." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987).  ERISA is such a federal statute and preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a); Wood, 207 F.3d at 678.  Included under the definition of "employee benefit plan" are severance plans that provide for a uniform administrative scheme that constitutes more than merely a "one-time, lump-sum payment triggered by a single event." Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 9 (1987).  Such severance plans will typically require a plan administrator to evaluate "the circumstances surrounding each claimant's reason for termination and individual case." Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 717 (D.N.J. 2004).

Plaintiffs do not challenge Judge Hammer's finding that ERISA governs Defendant's Severance Plan under this standard, and the Court agrees with Judge Hammer's conclusion.  The Court therefore adopts Judge Hammer's reasoning in that regard.  Plaintiffs argue, however, that they claim in Counts Two and Three a breach not of the Severance Plan, but rather of an implied contract based on Defendant's guidelines and policies.  Plaintiffs claim that the loss of a severance package is merely an element of damages and that they need not show a violation of the Severance Plan in order to prove their entitlement to those damages.  Plaintiffs' position is illogical.

Plaintiffs theorize that the reason given by Defendant for their termination—violation of company policy—was mere pretext to avoid payment of a severance package.  Notice of Removal Ex. B ¶¶ 16, 29.  At his deposition, Mr. Makwana confirmed this theory and expressly cited to a provision in the Severance Plan entitled "Circumstances in Which Severance Benefits Will Not Be Paid."  Notice of Removal Ex. K at 152:20-153:14.  One such circumstance is "termination for

cause," which Mr. Makwana claimed Defendant used to justify his termination. Id. at 153:15-17.[3] The "Termination for Cause" provision then defines "cause" as "the employee's willful failure to perform his or her duties with the Company, willfully engaging in conduct which is injurious to the Company (monetarily or otherwise), violation of the Company's policies, or such other inappropriate conduct, all as determined by the Plan Administrator." Notice of Removal Ex. L at 151 (emphasis added).

In order to demonstrate that they were entitled to a severance package, Plaintiffs necessarily will have to prove a violation of this provision of the Severance Plan. Specifically, Plaintiffs must show that the Plan Administrator inappropriately determined that Plaintiffs violated Defendant's policies. This conclusion is supported by the fact that the Plaintiffs place Defendant's policies directly in issue. Indeed, Plaintiffs directly claim that they were "following such guidelines and policies" and were terminated for doing so—a claim that is obviously at odds with Defendant's claim that Plaintiffs were terminated for violating those policies. Notice of Removal Ex. B ¶ 23. It thus cannot seriously be argued that the loss of a severance package is merely an element of damages. The Court is therefore satisfied that adjudication of Counts Two and Three will require consideration of Defendant's ERISA-governed Severance Plan.[4]

---

[3] Plaintiff attempts to rehabilitate Mr. Makwana's testimony on this point by relying on deposition testimony that was never before Judge Hammer. While the Court finds Plaintiffs' belated attempt to introduce this additional testimony inappropriate, the additional testimony does not alter the analysis. The testimony simply reinforces Plaintiffs' claim that they were following company policy when Defendant claimed they were not.

[4] On a final note, Plaintiffs inappropriately rely on Caivano v. Prod. Workers Union Local 148, No. 13-5746, 2014 WL 2931183, at *4 (D.N.J. June 30, 2014), for the proposition that a plaintiff can maintain a state law wrongful termination claim where loss of benefits was merely an aspect of damages. While that reasoning may be applicable in some cases, it is not applicable here. Plaintiffs ignore the Caivano court's later citation to Wood, where the Third Circuit held that ERISA preemption applied when the complaint alleged that the employee was terminated for the purpose of avoiding payment of benefits. See id. at *5 (citing Wood, 207 F.3d 674, 677 (3d Cir. 2000)). That is precisely the situation faced here: Plaintiffs allege that Defendant's claimed reason

**III. CONCLUSION**

For the reasons set forth above, Plaintiffs' objection to Judge Hammer's report and recommendation is **OVERRULED** and Plaintiffs' motion to remand is accordingly **DENIED**. An appropriate order will follow.

s/ *Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

for their termination was offered for the purpose of avoiding payment of benefits under the Severance Plan.