UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

| | |
|---|---|
| KALPESH MAKWANA and HUGH MITCHELL, <br><br> *Plaintiffs*, <br><br> v. <br><br> MEDCO HEALTH SERVICES, INC., <br><br> *Defendant*, | Civil Action No. 14-7096 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

     The present matter comes before the Court on Defendant Medco Health Services, Inc.'s ("Medco" or "Defendant") motion for summary judgment. Plaintiffs Kalpesh Makwana ("Makwana") and Hugh Mitchell ("Mitchell") (together, "Plaintiffs") oppose the motion.[1] D.E. 45. This case concerns allegations that Plaintiffs, two former employees of Defendant, were improperly terminated when Makwana shared his user ID and password with Mitchell, allegedly in violation of Defendant's security policy. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and grants Defendant's motion concerning Defendant's severance policy. Because the severance issue was the basis of the Court's federal jurisdiction, the Court no longer has subject matter jurisdiction over this case, and the Court declines to exercise

---

[1] Defendant's brief in support of its motion for summary judgment will be referred to hereinafter as "Def. Br." (D.E. 48), Plaintiffs' opposition to Defendant's brief will be referred to hereinafter as "Pl. Opp'n" (D.E. 50), and Defendant's reply brief in support of its motion for summary judgment will be referred to hereinafter as "Def. R.Br." (D.E. 54).

its discretion to retain supplemental jurisdiction over the remaining state law claims. As a result, the Court administratively terminates the remainder of Defendant's summary judgment motion and remands this action to the Superior Court of New Jersey, Bergen County. *See* 28 U.S.C. § 1447(c).

## I. BACKGROUND[2]

Plaintiffs are former employees of Medco who were terminated on approximately May 23, 2013 for allegedly violating Defendant's policies. Compl. ¶¶ 1,2,16. Defendant is a corporation that "provides clinically driven pharmacy services designed to improve the quality of care and lower total healthcare costs for private and public employers." D.E. 46-14. Both Plaintiffs were hired as at-will employees. D.E. 46-25; D.E. 46-33.

Defendant has a company code that promulgates safeguards related to information security policy and procedures, including a provision that expressly prohibits the sharing of individual user passwords. D.E. 46-16 at 15; D.E. 46-20 § 2.4. In addition to Defendant's formal policies, it also has an unwritten policy referred to as "all hands on deck." This policy requires all available employees to "make maximum effort within the guidelines of the organization to solve [a] specific problem." Deutsch Tr. 20:07-20:09; Makwana Tr. 88:5-88:10. The policy was never reduced to writing. Makwana Tr. 88:03-88:04 (stating that he does "not recall a document" that contained the "all hands on deck" policy).

---

[2] The facts herein come from the record in this matter, including: Plaintiffs' Amended Complaint ("Compl.") (D.E. 1, Ex. A), Makwana's Deposition Transcript ("Makwana Tr.") (D.E. 46-5), and Gregory Deutsch (Medco employee who oversaw the integration of claims systems) Deposition Transcript ("Deutsch Tr.") (D.E. 46-7).

While attempting to resolve a systems integration issue, Makwana shared his personal ID and password with Mitchell so that Mitchell could help him (Makwana) fix the problem. Makwana Tr. 105:05-105:10. After an internal investigation of the incident, Plaintiffs were terminated on May 23, 2012, due to Makwana sharing his information with Mitchell, allegedly in violation of Defendant's security policy. D.E. 46-42. Subsequently, Plaintiffs' brought the instant action.

## II. PROCEDURAL HISTORY

Makwana initiated this action in the Superior Court of New Jersey, Bergen County vicinage, on August 29, 2013. D.E. 1, Ex. A. The original complaint was amended on October 16, 2013 to add Mitchell as a plaintiff and assert a number of additional claims. D.E. 1, Ex. A. On December 20, 2013, the Superior Court entered an order limiting Plaintiffs' claims to the following counts in the Amended Complaint: First (Equitable Estoppel), Second (Breach of Contract), Third (Breach of the Covenant of Good Faith and Fair Dealing), Fourth (Conscientious Employee Protection Act ("CEPA") as to Makwana only), Sixth (New Jersey Law Against Discrimination ("NJLAD") as to Makwana only), Eighth (Slander), and Ninth (Intentional/Negligent Misrepresentation). *See* D.E. 46-3.

Plaintiffs then moved to remand, arguing that Defendant's notice of removal was untimely. Plaintiffs further asserted that the severance policy issue did not amount to an ERISA-governed policy, and, therefore, no federal subject matter jurisdiction existed. D.E. 4. Defendant opposed this motion, arguing that its removal was timely and that federal jurisdiction was appropriate because the severance plan was governed by ERISA. D.E. 6.

Judge Hammer subsequently issued a report and recommendation in favor of Defendant. D.E. 11. In so recommending, Judge Hammer found that Defendant timely removed the action under 28 U.S.C. § 1441(b)(3), which gives Defendant thirty days to act upon ascertaining that the

case is removable, in light of Makwana's deposition testimony. *Id.* at 11, 13-14. Further, Judge Hammer concluded that ERISA governs Defendant's severance plan since it sets forth a "set of standard procedures to guide processing of claims and disbursement of benefits," and awards the plan administrator vast discretion in its administration. *Id.* at 17-18. Thus, Judge Hammer determined that ERISA preempted Plaintiffs' contract claims and was properly removed. Additionally, Judge Hammer recommended exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in order to retain jurisdiction over Plaintiffs' remaining state law claims. *Id.* at 18-19.

Plaintiffs proceeded to file a motion for reconsideration of Judge Hammer's decision, which Defendant opposed. D.E. 12, D.E. 15. Judge Arleo denied Plaintiffs' request for reconsideration, and formally adopted Judge Hammer's report and recommendation. Judge Arleo agreed with Judge Hammer's conclusions that Defendant's removal was timely and that ERISA governed the severance plan at issue. *Id.* Plaintiffs contended that the alleged breach of the severance plan merely pertained to damages rather than Plaintiffs' substantive claim. *Id.* at 8. Judge Arleo explained that Plaintiffs' argument was "illogical" in light of Plaintiffs' assertion that their termination was a mere pretext by Defendant to avoid payment of the severance package. *Id.* at 8.

In response to Defendant's current motion for summary judgment, Makwana voluntarily dismissed the Fourth (CEPA), Sixth (NJLAD), and Eighth (Slander) Counts of the Amended Complaint, and both Plaintiffs voluntarily dismissed the Ninth (Intentional/Negligent Misrepresentation) Count of the Complaint. Pl. Opp'n at 3. Therefore, only the First (Equitable Estoppel), Second (Breach of Contract), and Third (Breach of the Covenant of Good Faith and Fair Dealing) Counts remain. Defendant also seeks fees and costs related to the CEPA and NJLAD

claims, arguing that Makwana was on clear notice of the deficiency of the counts and nevertheless unduly delayed in agreeing to dismiss them.

### III. STANDARD OF REVIEW

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter, but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250-51.

The showing required to establish that there is no genuine issue of material fact depends on whether the moving party bears the burden of proof at trial. On claims for which the moving party does not bear the burden of proof at trial, the movant must establish "that there is an absence

of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In contrast, "'[w]hen the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact.'" *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). This affirmative showing requires the moving party to show that "'on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.'" *Id.*

Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). In other words, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

## IV. DISCUSSION

### A. Breach of Contract

Defendant argues that Plaintiffs' breach of contract claim lacks merit and should be dismissed. Def. Br. at 6. As to the severance issue, Medco asserts that Plaintiffs did not meet the eligibility requirements of the severance plan because Plaintiffs were not fired due to staff reduction, closing of a company's operation, or job elimination. *Id.* at 7. Defendant further claims that Plaintiffs' failure to exhaust their administrative remedies also dooms their claims in regard

to the severance policy. *Id.* at 8.  Plaintiffs do not cite any facts or legal authority to contradict Defendant's position.  In response, Plaintiffs instead reiterate their position, which was already rejected by Judge Arleo.  Pl. Opp'n at 8.  Specifically, Plaintiffs assert that they "have *never* alleged that [their] breach of contract claims were based upon Defendant's severance policy."  *Id.* at 18.  Defendant's note that Plaintiffs are barred from relitigating this issue pursuant to the law of the case doctrine.  Def. R.Br. at 2 n.2.

Medco correctly notes that Plaintiffs' contention has already been considered, and rejected, by Judge Arleo.  *See In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002) (discussing the law of the case doctrine).  Since Plaintiffs fail to raise any genuine issue of material fact as to the severance issue, Defendant is entitled to summary judgment regarding Defendant's severance policy.

Plaintiffs' remaining claims, breach of contract (based on the "all hands on deck" policy), breach of the covenant of good faith and fair dealing, and equitable estoppel, are state law claims. The Court must next address whether to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### B. Subject Matter Jurisdiction[3]

In order to adjudicate a case, a federal court must have either federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 Fed. Appx. 82, 83 (3d Cir. 2011).  Here, the parties are not diverse.  *See* Compl. ¶¶ 1-3 (alleging that all parties

---

[3] While neither party raised the issue of remand, a federal court is obliged to notice any jurisdictional defects and is powerless to hear any case over which it lacks jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986); *see also Abdi v. Verizon*, No. 12-7943, 2014 WL 252104, at *4 (D.N.J. Jan. 21, 2014) (granting summary judgment on the sole remaining federal cause of action and *sua sponte* remanding the remainder of the case to state court pursuant to 28 U.S.C. § 1367(c)(3)).

are citizens of New Jersey). Instead, as noted above, the Court's jurisdiction was based on a federal question in light of ERISA. *See Rockefeller*, 424 Fed. Appx. at 83 (federal question jurisdiction arises when a federal court has subject matter jurisdiction arising under "the Constitution, laws, or treaties of the United States.").

28 U.S.C. § 1367(c) gives district courts discretion to decline to hear state law claims they would otherwise have supplemental jurisdiction to entertain pursuant to § 1367(a). Specifically, § 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Thus, retaining supplemental jurisdiction is a matter of discretion. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). However, the Third Circuit has determined that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id.* (emphasis added). Additionally, while the determination is discretionary, "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised where there is no longer any basis for original jurisdiction." *Shaffer v. Twp. Of Franklin*, No. 09-347, 2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (encouraging federal courts to avoid "[n]eedless decisions of state law"); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court."). If a district court decides it will not hear the remaining state law claims, and the case has been removed from a state court, "remand to that court is a viable alternative to a dismissal without prejudice." *Borough of West Mifflin*, 45 F.3d at 788.

8

Under the present circumstances, the Court finds that remand is appropriate. No federal cause of action remains. While remand will certainly delay decision on the remaining summary judgment issues, the parties' central facts and substantive arguments should remain the same. Remand would serve the goals of judicial economy and comity by allowing the New Jersey courts to apply New Jersey law. Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to § 1367(c)(3) and will remand the action to the Superior Court of New Jersey, Bergen County. *See Schaffer*, 2010 WL 715349, at *1 (declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims after plaintiffs voluntarily dismissed sole federal claim against defendant with prejudice).

## V. CONCLUSION

For the reasons set forth above and for good cause shown, the Court **GRANTS** Defendant's motion for summary judgment regarding its severance policy. The Court **ADMINISTRATITIVELY TERMINATES** the remainder of Defendant's summary judgment motion. The Court **REMANDS** this action to the Superior Court of New Jersey, Bergen County. An appropriate form of order accompanies this opinion.

**Date:** December 28, 2016

JOHN MICHAEL VAZQUEZ
**UNITED STATES DISTRICT JUDGE**

9