UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

KALPESH MAKWANA and HUGH MITCHELL,

    *Plaintiffs*,

v.

MEDCO HEALTH SERVICES, INC.,

    *Defendant*,

Civil Action No. 14-7096

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    The present matter comes before the Court on three motions made by Defendant Medco Health Services, Inc.'s ("Medco" or "Defendant"): (1) a motion to alter or amend this Court's prior judgment pursuant to Federal Rule of Civil Procure 59(e) and, in the alternative, to correct error in judgment pursuant to Rule 60; (2) a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure; and (3) a motion for attorneys' fees pursuant to Rule 54. Plaintiffs Kalpesh Makwana ("Makwana") and Hugh Mitchell ("Mitchell") (together, "Plaintiffs") oppose these motions.[1] This case concerns allegations that Plaintiffs, two former employees of Defendant,

---

[1] Defendant's brief in support of its motion to alter or amend the judgment will be referred to hereinafter as "Def. Amend Br." (D.E. 69), and Defendant's reply brief in support of its motion to alter or amend the judgment will be referred to hereinafter as "Def. Amend R.Br." (D.E. 93).
    Defendant's brief in support of its motion for sanctions will be referred to hereinafter as "Def. Sanctions Br." (D.E. 72), and Defendant's reply brief in support of its motion for sanctions will be referred to hereinafter as "Def. Sanctions R.Br." (D.E. 95).
    Defendant's brief in support of its motion for attorneys' fees will be referred to hereinafter as "Def. Fees Br." (D.E. 76), and Defendant's reply brief in support of its motion for attorneys' fees will be referred to hereinafter as "Def. Fees R.Br." (D.E. 94).

were improperly terminated when Makwana shared his user ID and password with Mitchell, allegedly in violation of Defendant's security policy. Previously, this Court granted summary judgment on the issue of Defendant's severance policy and remanded the remainder of the case to the Superior Court of New Jersey, Bergen County. D.E. 66, 67.[2] These motions were decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and denies each of Defendant's motions.

## I. BACKGROUND[3]

Plaintiffs are former employees of Medco who were terminated on approximately May 23, 2013 for allegedly violating Defendant's policies. Compl. ¶¶ 1,2,16. Defendant is a corporation that "provides clinically driven pharmacy services designed to improve the quality of care and lower total healthcare costs for private and public employers." D.E. 46-14. Both Plaintiffs were hired as at-will employees. D.E. 46-25; D.E. 46-33.

Defendant has a company code that promulgates safeguards related to information security policy and procedures, including a provision that expressly prohibits the sharing of individual user passwords. D.E. 46-16 at 15; D.E. 46-20 § 2.4. In addition to Defendant's formal policies, it also has an unwritten policy referred to as "all hands on deck." This policy requires all available employees to "make maximum effort within the guidelines of the organization to solve [a] specific

---

Plaintiffs' opposition to all three of Defendant's motions will be referred to hereinafter as "Pl. Opp'n" (D.E. 90).

[2] In so holding, this Court declined to exercise its discretion to retain supplemental jurisdiction over the remaining state law claims.

[3] The facts herein come from the record in this matter, including: Plaintiffs' Amended Complaint ("Compl.") (D.E. 1, Ex. A), Makwana's Deposition Transcript ("Makwana Tr.") (D.E. 46-5), and Gregory Deutsch's (Medco employee who oversaw the integration of claims systems) Deposition Transcript ("Deutsch Tr.") (D.E. 46-7).

2

problem." Deutsch Tr. 20:07-20:09; Makwana Tr. 88:5-88:10. The policy was never reduced to writing. Makwana Tr. 88:03-88:04 (stating that he does "not recall a document" that contained the "all hands on deck" policy).

While attempting to resolve a systems integration issue, Makwana shared his personal ID and password with Mitchell so that Mitchell could help him (Makwana) fix the problem. Makwana Tr. 105:05-105:10. After an internal investigation of the incident, Plaintiffs were terminated on May 23, 2012, due to Makwana sharing his information with Mitchell, allegedly in violation of Defendant's security policy. D.E. 46-42. Subsequently, Plaintiffs' brought the instant action.

## II. PROCEDURAL HISTORY

Makwana initiated this action in the Superior Court of New Jersey, Bergen County vicinage, on August 29, 2013. D.E. 1, Ex. A. The original complaint was amended on October 16, 2013 to add Mitchell as a plaintiff and assert a number of additional claims. D.E. 1, Ex. A. On December 20, 2013, the Superior Court entered an order limiting Plaintiffs' claims to the following counts in the Amended Complaint: First Count (Equitable Estoppel), Second Count (Breach of Contract), Third Count (Breach of the Covenant of Good Faith and Fair Dealing), Fourth Count (Conscientious Employee Protection Act ("CEPA") as to Makwana only), Sixth Count (New Jersey Law Against Discrimination ("NJLAD") as to Makwana only), Eighth Count (Slander), and Ninth Count (Intentional/Negligent Misrepresentation). *See* D.E. 46-3.

Defendant removed the matter to this Court on November 12, 2014. D.E. 1. Plaintiffs then moved for, and were denied, remand. D.E. 4, 11.[4] Subsequently, Defendant filed a motion for summary judgment, to which Plaintiffs replied. D.E. 45, 49. In Plaintiffs' response to Defendant's

---

[4] Plaintiffs also moved for reconsideration of their motion to remand, which was also denied. D.E. 12, 17.

3

motion for summary judgment, Makwana voluntarily dismissed the Fourth (CEPA), Sixth (NJLAD), and Eighth (Slander) Counts of the Amended Complaint, and both Plaintiffs voluntarily dismissed the Ninth (Intentional/Negligent Misrepresentation) Count of the Amended Complaint. D.E. 49, at 3. On December 28, 2016, this Court granted Defendant's motion for summary judgment as to its severance policy. D.E. 66. Since the severance issue was the sole basis for this Court's federal jurisdiction, the Court no longer retained jurisdiction over the case and declined to exercise supplemental jurisdiction over the remaining state law claims. *Id.* The Court then remanded the action to the Superior Court of New Jersey, Bergen County. *Id.* Subsequently, Defendant filed the present motions.

### III. DISCUSSION

#### I. Motion to Alter or Amend the Judgment

##### A. Standard of Review

Federal Rule of Civil Procedure 59(e) allows for a judgment to be altered or amended. Fed. R. Civ. P. 59(e). Generally, "[a] judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Ramada Worldwide Inc. v. Khan Hotels LLC*, No. 16-2477, 2017 WL 2831168, at *2 (D.N.J. June 30, 2017) (quoting *Spyer v. Navient Sols., Inc.*, No. 15-3814, 2016 WL 5852849, at *1 (D.N.J. Oct. 4, 2016)). The burden is on the movant to demonstrate that one or more of these three scenarios is present. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). "[R]econsideration of a judgment after its entry is an extraordinary remedy," to be granted "sparingly." *Ramada Worldwide Inc.*, 2017 WL 2831168, at *2 (citation omitted).

Rule 60 allows the court to correct a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Rule provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect." *Id.* (b)(1). The Third Circuit has explained that the rule is "limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129–30 (3d Cir. 2005) (quoting *Mack Trucks, Inc. v. Int'l. Union, UAW*, 856 F.2d 579, 594 n.16 (3d Cir. 1988)). The rule was adopted to make clear that courts can "correct judgments which contain clerical errors, or judgments which have been issued due to inadvertence or mistake." *In re FleetBoston Fin. Corp. Sec. Litig.*, No. 02-4561, 2007 WL 4225832, at *4 (D.N.J. Nov. 28, 2007) (quoting *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958)).

### B. Analysis

Defendant moves to correct an alleged error in the Order issued in conjunction with its Opinion granting summary judgment and remanding the case to superior court ("SMJ Oder" and "SMJ Opinion," respectively). Def. Amend. Br. While the SMJ Opinion acknowledged that Plaintiffs had voluntarily dismissed Counts Four, Six, Eight and Nine, the SMJ Order did not indicate that these counts were dismissed. *Id.* Therefore, Defendant asks this Court to correct the SMJ Order pursuant to either Rule 59 or Rule 60. *Id.* at 1-2.

Plaintiffs oppose the motion on the grounds that the District Court cannot alter a judgment after sending a certified copy of the remand order to a state court. Pl. Opp'n at 5. Plaintiffs rely on *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350 (3d. Cir. 2013) for the proposition that federal courts cannot alter a judgment already remitted to state courts. *Id.* at 6. Since the remand order was sent to state court prior to Defendant filing its motion, Plaintiff argues that this Court lacks

5

jurisdiction over Defendant's motion to alter, amend, or correct its judgment. *Id.* Defendant responds that the cases cited by Plaintiffs only apply to appellate courts' ability to review orders of remand and, therefore, do not apply to the present case. Def. Amend R.Br. at 5.

A district court generally loses jurisdiction over a case once it has sent a certified copy of a remand order to state court. *Agostini*, 729 F.3d at 355–56. In *Agostini*, the plaintiffs brought a negligence action in state court, and the defendants removed the case based on diversity of citizenship. *Id.* at 352. The plaintiffs moved to remand, and the district court granted their motion. *Id.* Before the remand order was mailed to the state court, the defendants moved for reconsideration, which the district court denied. *Id.* Defendants subsequently appealed. *Id.*

The Third Circuit determined that it did not have jurisdiction over defendants' appeal. *Id.* at 355. Defendants argued that while the Third Circuit did not have jurisdiction over remands, they were appealing the motion for reconsideration rather than the remand order. *Id.* at 353. In rejecting this argument, the *Agostini* court rcognized that "federal courts may decide 'collateral' issues after remand because such issues by definition 'cannot effect' the progress of a case once it has been returned to state court." *Id.* Looking at the reconsideration order, the Third Circuit found that "it is impossible to disaggregate the order denying reconsideration from the remand order itself," and therefore "reversing the District Court's denial of the motion for reconsideration would subvert the District court's remand order." *Id.* at 355. Therefore, the *Agostini* court held that "a motion to reconsider a remand order is not [] a collateral issue." *Id.* at 354.

The court in *Agostini* then turned to the question of whether the district court itself had jurisdiction to reconsider the remand order. *Id.* at 355. The Third Circuit focused on the timing of the motion for reconsideration, finding that the "jurisdictional event" which divests a district court of jurisdiction is when "the certified copy of the remand order [is sent] to state court." *Id.* at

355–56 ("At the moment of mailing—the jurisdictional event—the remand order became unreviewable 'on appeal or otherwise.'").[5] The Third Circuit ruled, as a result, that the district court had jurisdiction to review its remand order on a motion for reconsideration because, at the time of reconsideration, the clerk of the court had yet to mail a certified copy of the order of remand to state court. *Id.* at 356.

The Order of Remand in this case was transmitted to the state court on December 29, 2016. D.E. 67. Because this is the event at which point the District Court loses its jurisdiction over the case, this Court is without jurisdiction to review Defendant's motion pursuant to Rule 59(e) or Rule 60(b). While the Court acknowledges that the SMJ Order should have expressly dismissed the counts conceded by Plaintiffs, it fully expects Plaintiffs to comply in state court and voluntarily dismiss the claims that were previously dismissed in the SMJ Opinion but inadvertently omitted from this Court's SMJ Order. Thus, Defendants' motion to alter, amend, or correct this Court's judgment is denied.

However, the Court retains jurisdiction over Defendant's motions for attorneys' fees and sanctions because they are "collateral issues." The Third Circuit has held that motions for attorneys' fees and sanctions are "collateral issues" that can be decided by a district court after remand. *See Agostini*, 729 F.3d 350 at 353 ("[T]he award of attorneys' fees—like the imposition of sanctions, or the award of costs—is collateral to the decision to remand and cannot affect the proceedings in the state court.) (internal quotation marks omitted). The Court therefore rejects

---

[5] Thus, contrary to Defendant's assertion, *Agostini* does not apply solely to appellate reviews of remand orders. *See id.* Rather, *Agostini* expressly applies to whether district courts have jurisdiction over review of their own remand orders.

Plaintiffs' arguments that this Court does not have jurisdiction over Defendant's motions for fees and sanctions, and it will consider the substance of those motions.

## II. Motion for Rule 11 Sanctions

### A. Standard of Review

Rule 11(b) provides that:

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose . . .;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support . . .

Fed. R. Civ. P. 11(b)(1)-(3).

Rule 11 imposes on any party who presents "a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). "[R]easonableness [under the circumstances is] defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted). Attorneys are required to conduct a "normally competent level of legal research to support the[ir] presentation." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).

If Rule 11(b) is violated, then Rule 11(c)(4) permits the Court to impose sanctions, including reasonable attorneys' fees, expenses, or nonmonetary directives. However, any sanction "must be limited to what suffices to deter repetition of the [sanctionable] conduct[.]" Fed. R. Civ. P. 11(c)(4). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.*, 930 F.2d at 289 (internal citations and quotations omitted). Additionally, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted). In deciding a Rule 11 motion, "[a]ny doubt . . . should be resolved in favor of the party charged with the violation." *Sanders v. Hale Fire Pump Co.*, No. 87-2468, 1988 WL 58966, at *1 (E.D. Pa. June 1, 1988) (citing *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 544 (3d Cir. 1985)).

Here, Plaintiffs initially filed their complaint, and their amended complaint, in state court. As a result, those pleadings were not subject to Rule 11 when filed. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998); *see also Collier v. Nat'l Penn Bank*, No. 12-3881, 2013 WL 7157976, at *2 (E.D. Pa. Apr. 1, 2013). Yet, "'insisting on a position after it is no longer tenable' also violates the rule." *Gianfrancesco v. Laborers Int'l Union of N. Am. Local 594*, No. 10-6553, 2013 WL 2296759, at *2 (D.N.J. May 24, 2013) (quoting Fed. R. Civ. P. 11(b), (c) advisory committee note). Thus, it applies to a plaintiff's current amended complaint, initially filed in state court, if the plaintiff continues to advocate improper positions in federal court. *See Collier*, 2013 WL 7157976, at *2; 1993 Amendment to Rule 11 subdivisions (b) and (c) ("[I]f after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court . . ., it would be viewed as 'presenting'--and hence certifying to the district court under Rule 11–those allegations"). Such conduct would violate the "later advocating" provision of Rule 11(b).

9

However, a party "cannot be sanctioned simply for her failure to withdraw pleadings filed in state court that would have violated rule 11 had they been filed in federal court." *Edwards*, 153 F.3d at 245. Further, Rule 11 does not apply to representations in the course of discovery. *See Hilburn v. Bayonne Parking Auth.*, 562 F. App'x 82, 85 (3d Cir. 2014); Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

### B. Analysis

In Defendant's Rule 11 motion, it argues that the assertion and continued litigation of five of Plaintiffs' claims warrants Rule 11 sanctions. Def. Sanctions Br. at 1. Defendant alleges that it served Plaintiffs with a draft of its Rule 11 motion on August 20, 2015, informing Plaintiffs of the factual and legal deficiencies of these claims. *Id.* at 3. Defendant further asserts that Plaintiffs continued to litigate the claims until June 6, 2016, when, in opposition to Defendant's motion for summary judgment, they withdrew these claims. *Id.* at 4. Defendant now argues that Counts Two, Four, Six, Eight and Nine are frivolous, and should have been dismissed prior to Plaintiff's voluntary withdrawal. *Id.*

Defendant seeks sanctions based on Plaintiffs' amended complaint, which was filed in state court. As the moving party, Defendant bears the burden of proving that Plaintiffs violate Rule 11. *Gary v. Braddock Cemetery & Consol Energy*, 334 F. App'x 465, 467 (3d Cir. 2009) (stating that the burden to demonstrate Rule 11 sanctions is on the moving party). Since "the signing of a pleading in a state court action cannot be the basis for imposition of sanctions pursuant to Rule 11,"[6] Defendant must prove that Plaintiffs "later advocated" their positions in federal court. *See*

---

[6] *In re Allnutt*, No. 97-2613, 1998 WL 414248, at *2 (4th Cir. July 16, 1998).

10

Fed. R. Civ. P. 11(b) (stating that "presenting" includes "signing, filing, submitting, or later advocating"). However, in order to find a Rule 11 violation, Defendant "must be able to point to some *federal filing* in which the sanctioned attorney violated that rule." *Edwards*, 153 F.3d at 245 (emphasis added). As noted, the earlier filing of the amended complaint in state court does not suffice.

Defendant does not point to a particular federal filing that forms the basis of its claims for sanctions. Instead, it refers to Plaintiffs' state court filings, *see* Def. Sanctions Br. at 7 (referring to Plaintiffs' arguments opposing Defendant's motion to dismiss in state court), as well as representations made during discovery, *see id.* at 8 (referring to statements from Plaintiffs' depositions). Defendant also highlights Plaintiffs' "refusal to withdraw these claims." *See id.* at 8. However, the complained of conduct is not sufficient to demonstrate that Plaintiffs affirmatively advocated their positions in federal court. Since any doubt is resolved in favor of Plaintiffs, and since Defendant did not point to an affirmative pleading or other filing in federal court on which sanctions should be based, the Court will not impose sanctions on Plaintiffs. Therefore, Defendant's motion for sanctions is denied.[7]

---

[7] The Court is aware that Plaintiffs did not advocate this position, that it cannot be liable under Rule 11 because Defendant has not shown that it "later advocated" the relevant counts in federal filings. The Court's general practice is not to raise *sua sponte* arguments that have not been advocated by the parties. However, to grant Defendant's requested relief, the Court must also be satisfied that Defendant has met its burden regardless of the parties' respective positions. Here, Defendant completely failed to address a predicate necessary to a finding of a Rule 11 violation. Because Defendant has the burden of proof, this failure requires the Court to deny its motion.

Of note, two arguments made by Plaintiffs appear to have some merit. First, Plaintiffs argue that Defendant's motion is untimely since Rule 11 sanctions must be filed before the entry of final judgment and Defendant failed to do so. Pl. Opp'n at 6-7. In the Third Circuit "all motions requesting Rule 11 sanctions [must] be filed in the district court before the entry of a final judgment." *Lewis v. Smith*, 480 F. App'x 696, 699 (3d Cir. 2012) (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988)). While there has been some movement away from this rule, *see In re Shaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008), it remains the law of the circuit. *See Sync Labs LLC v. Fusion Mfg.*, No. 11-3671, 2016 WL 2901665, at *9 (D.N.J.

### III. Motion for Attorneys' Fees

#### A. Standard of Review

Generally, "New Jersey has a strong policy disfavoring shifting of attorneys' fees." *Marrin v. Capital Health Sys., Inc.*, No. 14-2558, 2017 WL 3086370, at *2 (D.N.J. July 20, 2017) (quoting *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 569 (1999)). New Jersey law thus allows for the recovery of fees only "if they are expressly provided for by statute, court rule, or contract." *Id.* (citation omitted). The NJLAD and CEPA are two such statutes, which expressly provide for the shifting of attorneys' fees. *See* N.J.S.A. 10:5-27.1; N.J.S.A. § 34:19-6.

Under the NJLAD, "the prevailing party may be awarded a reasonable attorney's fee[s] as part of the cost." *Boles v. Wal–Mart Stores, Inc.*, 650 F. App'x 125, 129 (3d Cir. 2016) (citing N.J.S.A. § 10:5-27.1). A party "prevailed" if he "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* The standard for

---

May 18, 2016) ("Plaintiff may move for sanctions any time before the challenged filing is withdrawn, Fed. R. Civ. P. 11(c)(2), or final judgment is entered in the case."). Therefore, it appears that Defendant has not met its burden to demonstrate that it timely filed its Rule 11 motion. Since the Court is denying the motion on other grounds, it does not have to decide whether this Court's SMJ Opinion and Order constituted a "final judgment" for the purposes of Rule 11.

Second, Plaintiffs contend that Defendant is required to file a Rule 11 motion "as soon as practicable" after discovery of a Rule 11 violation, and here, Defendant waited over a year after its Rule 11 warning letter to file the motion. Pl. Opp'n at 7-8. The Third Circuit has stressed that a major purpose of Rule 11 is to "streamline litigation." *In re Shaefer Salt Recovery, Inc.*, 542 F.3d at 97. This was a significant consideration in the 1993 amendment of Rule 11, which added the "safe harbor provision," requiring a party moving for sanctions to give its adversary notice of the motion and allow twenty-one days for them to withdraw or correct their pleadings. *Id.* at 99. The safe harbor provision thus struck a balance between "giv[ing] parties the opportunity to correct their errors" and practically preventing a party from delaying service of its Rule 11 motion. *Id.* Here, Defendant served Plaintiffs with notice of its motion on August 20, 2015 and did not file its motion for sanctions until January 27, 2017, nearly 18 months later. Given the clear purpose of Rule 11, an argument can be made that Defendant, by waiting such a lengthy period of time, did not serve its motion "as soon as practicable" and therefore its motion was untimely under Rule 11. Again, the Court need not decide this issue here, as the Rule 11 motion is dismissed for alternate reasons.

12

awarding fees to defendants is stricter than for prevailing plaintiffs. *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir. 1997) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). However, "no attorney's fees shall be awarded unless there is a determination that the charge was brought in bad faith." N.J.S.A. 10:5-27.1.

"CEPA permits an award of 'reasonable attorneys' fees and court costs to a prevailing employer 'if the court determines that an action brought by an employee under th[e] act was without basis in law or in fact.'" *Marrin*, 2017 WL 3086370, at *2 (quoting *Noren v. Heartland Payment Sys., Inc.*, 448 N.J. Super. 486, 497 (App. Div. 2017)). This provision applies only to "a narrow band of cases" in which "the employer must be vindicated *and* the employee must have proceeded without basis in law or in fact." *Best v. C&M Door Controls, Inc.*, 200 *N.J.* 348, 358 (2009). New Jersey courts "liken the [NJ]LAD fee claim to fee awards under the frivolous claim provision of [CEPA]." *Hennigan v. Merck & Co.*, No. A-5866-13T3, 2016 WL 5400479, at *8 (N.J. Super. Ct. App. Div. Sept. 28, 2016). However, an employer will not be granted attorneys' fees if the employee files a voluntary dismissal "within a reasonable time after determining that the employer will not be liable for damages." N.J.S.A. § 34:19-6; *see also Robles v. U.S. Envtl. Universal Servs., Inc.*, No.. 09-2377, 2012 WL 1033040, at *4 (D.N.J. Mar. 26, 2012). The award of attorneys' fees is discretionary, and "[t]he party seeking attorney's fees has the burden to prove that its request ... is reasonable." *Robles*, 2012 WL 1033040, at *1 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

## B. Analysis

Defendant's final motion is for attorneys' fees pursuant to the NJLAD and CEPA. Def. Fees Br.[8] Specifically, Defendant argues "Makwana's own testimony and actions demonstrate[] his bad faith in this case with respect to . . . his NJLAD claim." *Id.* at 4. Since Plaintiff Makwana could not establish that he had a disability under the NJLAD or that his employer knew about his disability, Defendant contends that this claim was brought in bad faith. *Id.* at 5-6. Also, Defendant argues that "the exercise of reasonable diligence would have, undoubtedly, demonstrated to Plaintiff Makwana that his CEPA claim for alleged unpaid 'overtime' has no basis in law or fact." *Id.* at 7.

Makwana responds that there is no evidence of bad faith and thus there cannot be an award of attorneys' fees. Pl. Opp'n at 15. Also, Makwana contends that the fees requested by Defendant are exorbitant, considering that the "gravamen of Plaintiffs' amended complaint [was] the equitable estoppel and contract claims, which were fully investigated and developed in discovery." *Id.* Therefore, Makwana requests this Court deny Defendant's motion for fees.

In order to recover attorneys' fees, a threshold issue under both the NJLAD and CEPA is whether Defendant is the "prevailing party."[9] A voluntarily dismissal with prejudice would ordinarily make defendant the "prevailing party." *See El Khoury v. El Ghoul*, No. A-0768-08T3, 2009 WL 2168444, at *5 (N.J. Super. Ct. App. Div. July 22, 2009). However, because the Court does not have jurisdiction to amend its SMJ Order, the NJLAD and CEPA claims remain pending

---

[8] This motion is as to Makwana only, since the NJLAD and CEPA claims were independently brought by him.

[9] While Plaintiff did not raise this argument, both the NJLAD and CEPA require that a party "prevail" in order to obtain attorneys' fees. Therefore, the Court will address it *sua sponte*.

14

in state court. Thus, at this stage, Defendant is not yet the "prevailing party" as to the CEPA and NJLAD claims.

Additionally, the Court notes that the $99,412.95 that Defendant requested appears exorbitant. Defendant states that it spent $201,614.65 in total on fees defending this case. Thus, Defendant requests nearly half of its total fees solely from the CEPA and NJLAD claims. As Plaintiffs point out, the gravamen of Plaintiffs' amended complaint was the contract claims, which were the basis of a majority of the discovery costs associated with this case. Notably, of Makwana's 209 page deposition, less than 14 pages were devoted to questioning about his NJLAD and CEPA claims. *See* Makwana Tr. 47:25-61:08. Therefore, even if Defendant was the prevailing party, the requested fees are not reasonable because Defendant seeks nearly half of its total fees on two relatively minor claims. *Cf. Moody v. Twp. of Marlboro*, 855 F.Supp. 685, 691 (D.N.J. 1994) (finding that the CEPA claim "was a minor part of plaintiff's overall claim" and thus making a substantial downward adjustment from plaintiff's requested fees in order to obtain a reasonable award "in relation to the scope of litigation as a whole").

Defendant's motion for attorneys' fees pursuant to the NJLAD and CEPA is denied.

## IV. CONCLUSION

For the reasons set forth above and for good cause shown, the Court **DENIES** Defendant's motion to amend the judgment to remand. The Court also **DENIES** Defendant's motion for Rule 11 sanctions. Lastly, the Court **DENIES** Defendant's motion for attorneys' fees. An appropriate form of Order accompanies this Opinion.

**Date:** August 29, 2017

JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE

15